IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC RIVERS COUNCIL, OREGON WILD, KLAMATH-SISKIYOU WILDLANDS CENTER, WILDERNESS SOCIETY, CASCADIA WILDLANDS, CENTER FOR BIOLOGICAL DIVERSITY, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, and UMPQUA WATERSHEDS, | 03:11-CV-442-HU |
| | ORDER |

      Plaintiffs,

v.

EDWARD W. SHEPARD, State Director, Oregon/Washington Bureau of Land Management, in his official capacity; UNITED STATES BUREAU OF LAND MANAGEMENT; and UNITED STATES DEPARTMENT OF THE INTERIOR;,

      Defendants.

RON HAILICKA EQUIPMENT, INC., and Oregon Corporation; and OREGON WEST LUMBER SALES, INC., an Oregon Corporation,

      Defendant-Intervenors.

1  - ORDER

**BROWN, Judge.**

Magistrate Judge Dennis J. Hubel issued Findings and Recommendation (#53) on September 29, 2011, which he subsequently modified by Order (#58) issued on October 14, 2011.  In the Findings and Recommendation, Magistrate Judge Hubel recommends the Court deny Defendant-Intervenors' Motion (#45) to Stay this matter and grant Plaintiffs' Motion (#10) for Partial Summary Judgment as to their First Claim for relief.  Objections to the Findings and Recommendation were timely filed by Plaintiffs (#60) and Defendant-Intervenors (#59).  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and the Court heard oral argument of counsel on March 19, 2012.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

## DISCUSSION

The Court has reviewed the background set out by the Magistrate Judge in the Findings and Recommendation.  None of the parties has objected to the factual and procedural background,

2  - ORDER

and the Court concludes it is accurate.  The Court need not
repeat that background here but will, instead, discuss relevant
facts as they relate to the parties' Objections.  The Court,
however, notes the unique nature and circumstances of this matter
and that Defendants do not oppose Plaintiffs' Motion (#10) for
Partial Summary Judgment in which Plaintiffs challenge a forest
plan revision (the Western Oregon Plan Revision, or WOPR)
developed during the prior administration.  Although the BLM
acknowledges it failed to comply with the consultation
requirements set out in § 7 of the Endangered Species Act when
developing the WOPR and now acquiesces to a vacation of the WOPR
by the Court on that basis, Defendant-Intervenors joined this
matter to challenge the vacation of the WOPR.  In light of these
unique circumstances, the Court notes its rulings on these
Objections necessarily are limited to the particular facts and
the procedural posture of this matter.

**I.   Plaintiffs Objections (#60).**

      Plaintiffs Object to the Magistrate Judge's conclusion that
the jurisdictional basis for Plaintiff' First Claim for violation
of the consultation requirements of § 7 of the Endangered Species
Act, 16 U.S.C. § 1536, arises under the Administrative Procedures
Act, 5 U.S.C. § 706, rather than the Endangered Species Act.
Plaintiffs urge the Court to modify the Findings and
Recommendation to reflect that Plaintiffs' First Claim against

Defendants for failure to comply with the consultation requirements of § 7 of the ESA arises under the citizen-suit provision of the ESA rather than under the APA.  Notably, Defendant-Intervenors raise the same Objection.

The Magistrate Judge concluded on the basis of the Supreme Court's decision in *Bennett v. Spear*, 520 U.S. 154 (1997), that a claim for an agency's failure to consult in accordance with ESA § 7 cannot be pursued under the citizen-suit provision of the ESA, 16 U.S.C. § 1540(g).  In so concluding, the Magistrate Judge declined to follow the Ninth Circuit's recent decision in *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011), in which the Ninth Circuit held the plaintiff's claim against the Bureau of Land Management for failure-to-consult under § 7 was available under the ESA's citizen-suit provision and, therefore, could not arise under the APA.  *Id.* at 495-96.  The Magistrate Judge concluded the Ninth Circuit's holding was inconsistent with the Supreme Court's decision in *Bennett v. Spear*.

Plaintiffs (and Defendant-Intervenors) point out that the claim pursued by the plaintiffs in *Bennett* was based not on a failure to consult under § 7 but on a challenge to the adequacy of the product of that consultation (a biological opinion) by the Fish and Wildlife Service.  520 U.S. at 157-60.  Thus, Plaintiffs contend *Bennett* does not foreclose the holding by the Ninth Circuit in *Western Watersheds*.

4  - ORDER

The Court agrees and, accordingly, concludes the Ninth Circuit's holding in *Western Watersheds* that a claim against the Bureau of Land Management for a failure-to-consult in accordance with § 7 arises under the ESA[1] is not inconsistent with the Supreme Court's holding in *Bennett v. Spear*.  Thus, this Objection warrants modifying the Findings and Recommendation to specify that Plaintiffs' First Claim against Defendants to enforce the consultation requirements of § 7 arises under the citizen-suit provision of the ESA in accordance with the Ninth Circuit's decision in *Western Watersheds*.  To this extent, therefore, the Court **modifies** the Findings and Recommendation.

## II.  Defendant-Intervenors' Objections (#59).

Defendant-Intervenors' remaining Objections are:  (1) the Magistrate Judge erred when he concluded Defendants were not required to compile the whole administrative record supporting the BLM's decision that § 7 did not require consultation when developing the WOPR challenged by Plaintiffs; (2) the Magistrate Judge erred by failing to afford the proper deference to Defendants' decision that the WOPR would not have an effect on endangered species in the plan area sufficient to warrant consultation; and (3) the Magistrate Judge erred when he

---

[1] At oral argument on March 19, 2012, the parties also confirmed their agreement that although Plaintiffs' First Claim arises under the ESA, the standard of review under the ESA citizen-suit provision is borrowed form the APA because that provision of the ESA does not set out a standard of review.

recommended the Court vacate the WOPR because vacatur is not an avalable remedy under the ESA citizen-suit provision.

**A.   Administrative Record.**

Defendant-Intervenors contend the Magistrate Judge erred when he concluded the administrative record excerpt made available to him was sufficient to determine Defendants' decision that the WOPR would not have any effect on endangered species within the plan area (and, thus, did not trigger agency consultation requirements under § 7) was arbitrary and capricious.

In his Findings and Recommendation, the Magistrate Judge noted Plaintiffs and Defendants agreed the Magistrate Judge had before him all of the required portions of the administrative record to resolve Plaintiffs' Motion, including access to publicly available documents such as the Record of Decisions (RODs).

Although Defendants concede the Magistrate Judge had available to him only an excerpt of the administrative record, Defendant-Intervenors contend nothing less than the full record will suffice to satisfy the APA requirement that the decision be confined to the administrative record.  The Court notes, however, that Defendant-Intervenors did not make any specific request for the Magistrate Judge to consider supplementing the administrative record in this matter, but merely challenged the record as

6  - ORDER

incomplete in their Response (#46) to Plaintiffs' Motion for
Partial Summary Judgment.  In any event, on the basis of the
record he had available to him, the Court notes the Magistrate
Judge concluded:

> [T]he court has no difficulty finding that
> BLM's failure to consult purusant to ESA § 7
> was arbitrary and capricious.  The WPOR
> substantially increases the allowable timber
> harvest, decreases protections for riparian
> reserves, and clearly will have some effect –
> whether negative or positive - on the
> threatened and endangered species and their
> critical habitat located within the lands
> governed by the WOPR.  To blithely conclude
> such actions would have "no effect" on
> endangered or threatened species in the
> action area is a determination that cannot be
> made in a vacuum.  On these facts,
> appropriate consultation is required
> particularly in light of how low the
> threshold is for triggering such
> consultation.  *See* 51 Fed. Reg. 19926, 19946
> (June 3, 2986)("Any possible effect, whether
> beneficial, benign, adverse or of an
> undetermined character, triggers the formal
> consultation requirement.").

As noted, the APA standard of review governs a plaintiff's
citizen suit for failure to consult under ESA § 7.  *See Western
Watersheds*, 632 F.3d at 496 (applying § 706 of the APA as the
standard of review for a failure-to-consult claim under the
citizen-suit provision of the ESA).  Under APA's scope-of-review
provision in § 706, a court may "hold unlawful and set aside
agency action" that is "arbitrary, capricious, or an abuse of
discretion" or that is "otherwise not in accordance with law"
based on its "review [of] the whole record or *those parts of it*

7  - ORDER

*cited by a party.*"  5 U.S.C. § 706 (emphasis added).  The ESA citizen-suit provision does not provide otherwise.  16 U.S.C. § 1540(g).

At oral argument on March 19, 2012, the parties agreed the portions of the record cited by the parties were a part of the administrative record before the Magistrate Judge in this matter, and Defendant-Intervenors could not identify any portions of the administrative record to the contrary.  In the unique circumstances of this matter and consistent with the plain language of APA § 706, the Court concludes it may lawfully rely on an excerpt of the administrative record and is not required to review the "whole" record as Defendant-Intervenors suggest.  To that extent, Defendant-Intervenors' Objection fails to establish any error by the Magistrate Judge.  Moreover, the Court is satisfied the pertinent portions of the administrative record cited by the parties have been reviewed in accordance with § 706 of the APA, and, accordingly, the Court does not find any basis to conclude the Magistrate Judge erred when he found the administrative record in this matter to be legally sufficient.

For these reasons, the Court concludes this Objection is not a basis for modifying or rejecting the Findings and Recommendation.

**B.    Agency Deference.**

Defendant-Intervenors also contend the Magistrate Judge

8  – ORDER

erred because he did not afford proper deference to Defendants'
decision that consultation under § 7 was unnecessary because the
WOPR would not result in any effect on threatened or endangered
species.  Defendant-Intervenors contend the Magistrate Judge
afforded Defendants "no deference" in assessing their "no effect"
determination under § 7 of the ESA.

As noted, the Magistrate Judge reached the conclusion that
Defendants' "no effect" determination was arbitrary and
capricious based on his review of the cited portions of the
administrative record.  Ultimately the Magistrate Judge
concluded, and this Court agrees, Defendants' "no effect"
determination does not survive even rational scrutiny on this
record.  The Magistrate Judge's reasoning is similar to the
scrutiny employed by the Ninth Circuit in the context of an ESA
failure-to-consult citizen suit in *Western Watersheds*:

> The sheer number of acres affected by
> the 2006 Regulations and number of special
> status species who reside on those lands
> alone suggest that the proposed amendments
> "may affect" a listed species or its critical
> habitat.  The BLM's grazing regulations
> affect roughly 160 million acres of public
> lands, home to hundreds of special status
> species.  Indeed, because of the sheer number
> of special status species present on those
> 160 million acres, the BLM lists the names of
> all the special status species in the West in
> the Final EIS.  Final EIS at Appendix 1.  The
> list includes over 300 special status
> species: 30 species of birds; 49 species of
> fish; 39 species of mammals; 137 species of
> plants; 8 species of snails; 10 species of
> crustaceans; 6 species of reptiles; 15

> species of insects; and 11 species of
> amphibians that are endangered, threatened,
> or candidate species in the West.   *Id.*
> (containing a 35 page table that lists
> identified special status species).
> Presumably and logically, the BLM listed
> these species—over 300—because many of them
> are found on the affected 160 million acres.
> Still, the BLM maintains—contrary to the
> experts' reports—that the regulatory changes
> will not affect so much as one special status
> species, animal or plant, or its habitat.

632 F.3d at 496-97.  As the Ninth Circuit held, "[a]lthough our

review under the arbitrary and capricious standard is

deferential, it does not condone a 'clear error of judgment.'"

*Id.* at 498 (quoting *Blue Mountains Biodiversity Project v.

Blackwood*, 161 F.3d 1208, 1216 (9th Cir. 1998).

Accordingly, in the circumstances presented here, the Court

concludes Defendant-Intervenors' Objection is not a basis to

modify or to reject the Findings and Recommendation.

**C.   ESA Remedies.**

Finally, Defendant-Intervenors contend the Magistrate Judge

erred when he recommended the Court employ the remedy of vacatur

to vacate the WOPR, which would have the effect of reinstating

the management plan previously in place (known as the Northwest

Forest Plan or NFP).  According to Defendant-Intervenors, the

only remedy available to the Court under the citizen-suit

provision of the ESA is an injunction.  At oral argument,

Defendant-Intervenors conceded that an injunction based on

Plaintiffs' First Claim would have the same practical effect as

10 - ORDER

vacation of the WOPR because Defendants would be enjoined from
operating under the dictates of the WOPR and would be required to
revert to the NFP.

In any event, the Court notes ESA's citizen-suit provision
has an express savings clause that preserves the availability of
equitable remedies beyond the power to enjoin an unlawful agency
action.  Section 1540(g)(5) provides:

> The injunctive relief provided by this
> subsection shall not restrict any right which
> any person (or class of persons) may have
> under any statute or common law to seek
> enforcement of any standard or limitation or
> to seek any other relief (including relief
> against the Secretary or a State agency).

In addition, Defendants noted at oral argument the practical
application of Defendant-Intervenors' argument limiting the
Court's authority to only the issuance of injunctions would
deprive the district courts of even the equitable authority to
remand an agency action for further administrative process
consistent with a court's ruling, which is a common equitable
means of enforcement in ESA citizen-suits.  For example, vacatur
and remand are commonly-employed equitable remedies under the APA
and ESA to address unlawful agency action.  *See, e.g.*, *Defenders
of Wildlife v. U.S. Environmental Protection Agency*, 420 F.3d
946, 978 (9th Cir. 2005) ("Typically, when an agency violates the
Administrative Procedure Act and the Endangered Species Act, we
vacate the agency's action and remand to the agency to act in

11 - ORDER

compliance with its statutory obligations.")(overturned on unrelated grounds in *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644 (2007)).

Because the Court is satisfied that § 1540(g)(5) preserves the Court's equitable powers, including vacatur, to take those actions necessary to implement specific dictates of the ESA, the Court concludes vacatur is an appropriate remedy under the circumstances, and Defendant-Intervenors' Objection is not a basis to modify or to reject the Findings and Recommendation.

In summary, this Court has carefully considered the parties' Objections and concludes they do not provide a basis to modify the Findings and Recommendation except to the extent that Plaintiffs' First Claim against Defendants for violation of the ESA's consultation requirements arises under the ESA's citizen-suit provision. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Hubel's amended Findings and Recommendation (#53, #58) and, accordingly, **DENIES** Defendant-Intervenors' Motion (#45) to Stay and **GRANTS** Plaintiffs' Motion (#10) for Partial Summary Judgment.

The Court **directs** the parties to file **no later than April 6,**

12 - ORDER

**2012,** a joint statement to the Magistrate Judge identifying the further proceedings necessary and setting out a proposed schedule for resolving the remaining issues in this case.

IT IS SO ORDERED.

DATED this 20th day of March, 2012.


_____
ANNA J. BROWN
United States District Judge


13 - ORDER